LAW OFFICES OF
# JEFFREY LICHTMAN
11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
DAVID GELFAND

PH: (212) 581-1001
FX: (212) 581-4999

October 12, 2022

**BY ECF**
Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: <u>United States v. Saleem, et al.</u>, 18 CR 274 (VEC)

Dear Judge Caproni:

### A.    INTRODUCTION

    This letter is submitted on behalf of defendant Abdul Basit Moosani in anticipation of his October 26, 2022 sentencing. With this letter, the defendant respectfully requests a sentence of time-served, which is consistent with Probation's recommendation and is "sufficient, but not greater than necessary to comply with the purposes" set forth in 18 U.S.C. § 3553(a)(2) due, in part, to the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

    The reasons for this request are as follows: 

    *Second*, Mr. Moosani has already been incarcerated for *over three years* since his July 25, 2019 arrest, having served nearly 29 months in extraordinarily harsh conditions in New York, and ten months in "official detention" in the United Kingdom where he was in lockdown 23

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 2

hours per day while pending extradition to the United States. See 18 U.S.C. § 3585(b). *Third*, Mr. Moosani's co-defendant, Muhammad Saleem, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓ faced higher guidelines than Moosani due to his "management role" in the offense, received a substantial variance from his sentencing guidelines of 135-168 months imprisonment to 60 months. See November 29, 2021 Sentencing Transcript, ECF No. 89, at T 4, 27, 30. The defendant compares favorably with Saleem and is deserving of a greater variance from his sentencing guidelines. *Fourth*, a review of Mr. Moosani's life finds that there are many good deeds and the prospects for his rehabilitation are very good.

      **B.**    **THE DEFENDANT'S GUILTY PLEA
AND RESULTING GUIDELINES RANGE**

On September 2, 2021, Mr. Moosani pleaded guilty pursuant to a cooperation agreement to Count One of a one count Superseding Information which charged him with Money Laundering, in violation of 18 U.S.C. § 1956. Mr. Moosani faces no statutory minimum and a maximum term of 20 years imprisonment. See July 14, 2021 Cooperation Agreement ("Cooperation Agreement"), at p. 1.

As recounted in the Presentence Investigation Report ("PSR"), the guideline for a violation of 18 U.S.C. § 1956(h) is §2S1.1, and with $2.2M in illegal proceeds laundered, the base offense level is 24. U.S.S.G. §§ 2S1.1(a)(2), 2B1.1(b)(1)(I); PSR at ¶ 25. Six levels are then added because the defendant knew that the laundered funds were the proceeds of narcotics trafficking, and four levels are added because Mr. Moosani was in the business of laundering funds. U.S.S.G. §§ 2S1.1(b)(1)(A), (b)(2)(C)(i); PSR at ¶¶ 26-27. With three levels subtracted for acceptance of responsibility (§3E1.1), the total offense level is 31, carrying an advisory sentencing range in the Criminal History Category I of 108 to 135 months imprisonment. PSR at ¶¶ 33-35, 75.



**JEFFREY LICHTMAN**

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 3



D.  **MR. MOOSANI'S DETENTION IN THE UNITED KINGDOM**

Following his arrest on July 25, 2019, Mr. Moosani spent ten months detained in London – and while he eventually waived extradition to the United States, due to the COVID-19 outbreak, his transfer to the United States was delayed and he was not produced in the Southern District of New York until May 22, 2020. See PSR at p. 2. During this period in the United

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 4

Kingdom, Mr. Moosani remain locked in a jail cell for 23 hours per day (PSR at ¶ 5) and had to be placed on antidepressants as he was severely distraught due to the allegations in this case, his being away from his family, and the conditions of his confinement. See PSR at ¶ 57.

We note Mr. Moosani's pre-extradition incarceration for two reasons: First, we ask that the Court credit this time in "official detention," against any sentence that he receives. See 18 U.S.C. 3585(b); United States v. Giraldo, No. 05 CR 1001, 2008 WL 3200167, at *1 (S.D.N.Y. August 7, 2008); United States v. Torres, No. 01 CR 0178, 2005 WL 2087818, at *2 (S.D.N.Y. August 30, 2005); United States v. El-Jassem, 819 F. Supp. 166, 182 (E.D.N.Y. 1993). As his pretrial confinement in the United Kingdom was the direct result of the charges in this case and not a foreign conviction, such relief should be granted. See United States v. Efrosman, 62 Fed. Appx. 24, 25 (2d Cir. 2003). Second, we ask that the Court consider the harsh conditions of his detention as part of our plea for leniency. See United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001) ("pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures"); Torres, 2005 WL 2087818, at * 2 (granting downward departure due to the conditions of defendant's pretrial detention in Colombia).

### E. THE DEFENDANT'S BACKGROUND AND THE NATURE OF THE OFFENSE – APPLICATION OF § 3553(a) FACTORS

Since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines have been rendered advisory in nature, leaving sentences to the district court's discretion, guided by the Guidelines and the other factors contained within 18 U.S.C. § 3553(a) and bounded by any applicable statutory minimum and maximum. This section directs sentencing courts to "impose a sentence" that is "sufficient, but not greater than necessary, to comply with" the "need for the sentence ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant ...." 18 U.S.C. § 3553(a)(1)-(2) (emphasis supplied). In making this determination, courts are to consider "the nature and circumstances of the offense and the history and characteristics of the defendant ...." 18 U.S.C. § 3553(a)(1).

#### i. The Sentence of Muhammad Saleem

Before turning to the letters praising Mr. Moosani's positive characteristics, a review of the sentence received by his co-defendant, Muhammad Saleem, is warranted and supports our request for leniency in this case. See 18 U.S.C. § 3553(a)(6); Freeman v. United States, 131 S. Ct. 2685, 2694 (2011) (Sentencing Reform Act "aims to create a comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 5

similar sentences"). Specifically, Saleem received of a substantial downward variance at his sentencing – 60 months imprisonment from guidelines of 135 to 168 months – despite a host of aggravating factors that do not apply to Mr. Moosani.

To begin, unlike Mr. Moosani, the Court found that Saleem had a "management role" in the money laundering offense, which accounts for his higher sentencing guidelines. November 29, 2021 Transcript at T 27; PSR at ¶ 20 (Moosani "did not maintain a leadership/managerial role in the overall [money laundering operation]"). Additionally, Saleem – who was the co-owner of one of the money laundering exchanges with Nasir Mir – "was engaged in money laundering in Australia prior to being hired to engage in money laundering in the UAE." November 29, 2021 Transcript at T 5. Mr. Moosani, on the other hand, previously worked at "several other legitimate Dubai exchange houses" prior to "learn[ing] of the job [with Mir] from a family member, who had a personal relationship with [Saleem]." PSR at ¶ 10 & p. 18 (Moosani's "first known arrest and conviction").



Given all of these factors, Mr. Moosani is deserving of a substantially lesser sentence than Saleem. See 18 U.S.C. § 3553(a)(6); Freeman, 131 S. Ct. at 2694.

### ii.   The Defendant's Harsh Conditions of Confinement in the United States During the COVID-19 Pandemic

There has been perhaps no more difficult time to be an incarcerated defendant in the United States than during the past two and a half years. The defendant was arrested abroad on July 25, 2019 while on a flight to the United Kingdom and extradited to the United States on May 22, 2020 to face prosecution in the Southern District of New York. For a majority of his period of incarceration, communications with counsel and his family were extraordinarily complicated, and deplorable conditions, quarantines and lockdowns at both the MDC and MCC

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 6

where he was incarcerated were a near constant. See, e.g., United States v. Elder and Bryant, No. 18 CR 92 (WFK), 2022 WL 836923, at *8 (SDNY March 21, 2022) ("The unsanitary conditions and the rapid spread of COVID-19 at the [MDC] in Brooklyn, for example, have been well-documented ...."). The conditions for federal inmates in New York worsened when the MCC was closed and the bulk of its inmates were transferred to Brooklyn, causing overcrowding. See United States v. Boyd, 21 CR 486 (SHS), 2022 WL 790771, at *2 (SDNY February 3, 2022) ("The MDC, long overcrowded, has recently had an influx of additional detainees due to the closure of the Metropolitan Correctional Center (MCC) and the transfer of the majority of its inmates to the MDC"). Mr. Moosani was one of the inmates who was transferred from the MCC to a crowded MDC during this time period.

Courts in both the Southern and Eastern and Districts of New York have taken note of the deplorable conditions at the MDC. For example, Judge Garaufis in March 2022 denounced the conditions of pretrial confinement at the facility as "unreasonably and unusually harsh." United States v. Elias, No. 18 CR 33, 2022 WL 805334, at *6 (EDNY March 16, 2022); see also United States v. Rolle, 20 CR 564 (AJN), 2022 WL 605712, at *1 (SDNY March 1, 2022) (observing that the Court considered the "conditions at MDC" in imposing a below guidelines sentence). As "the severity of the conditions of confinement is a not unreasonable basis for a court to impose a shorter sentence than might otherwise be warranted," we respectfully request that it form the basis for a variance from the defendant's sentencing guidelines in this case. United States v. Zhong, 26 F.4th 536, 564 (2d Cir. 2022).

### iii.   The History and Characteristics of the Defendant

We have attached several character letters in support of this submission reflecting the significant and meaningful role that Mr. Moosani has played in the lives of friends and family members. It would be impossible to include a letter from every individual whom Mr. Moosani has positively influenced, still the myriad letters on which we do remark paint a consistent picture of a "wonderful person who ... helped his ... family," (Letter of Fatima Basit, attached as Exhibit A) is "polite" and "hardworking," (September 2, 2022 Letter of Rizwan Naviwala, attached as Exhibit B) as well as someone who will "go out of his way[] to help others." Letter of Mohammad Tariq Iqbal, attached as Exhibit C; see also September 2, 2022 Letter of Nasima Iqbal, attached as Exhibit D ("helped many of his coworkers even when he didn't have anything in his pocket"). Additionally, multiple letters observe the "regret [that] he has in his heart and mind" due to his criminal actions. Ltr. of Nasima Iqbal, Ex. D; see also Letter of Adnan Ahmed, attached as Exhibit E ("incredibly remorseful"); Letter of Iqbal Yousuf, attached as Exhibit F ("very much ashamed for the crime"). Sadly, were it not for this sentencing, many of Mr. Moosani's exceptionally good deeds probably would have gone unrecognized.

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 7

### A Loving and Supportive Father and Family Member

To begin, nearly every letter submitted on behalf of Mr. Moosani commented on his dedication to his family, indeed, since approximately the age of 18, he has worked to feed and support them. PSR at ¶ 47; see also September 20, 2022 Letter of Rana Bilal Ejaz, attached as Exhibit G ("His family depends on him as he was [the] sole ... earner for them"). The defendant's mother, Nasima Iqbal, explains:

> He has done the labor work, he has done all kind of odd jobs just to feed his family. He has done 18 hours of job every day for two years straight during that time his hands and feet were sore and his whole back was burned in the heat but he never stopped. His family was always his priority.

Ltr. of Nasima Iqbal, Ex D; see also Letter of Nazish Hanif, attached as Exhibit H ("self-sacrificing"). The defendant's brother, Mohammad Tariq Iqbal, confirms this take: "The way he helped me and all his family .... [is] []remarkable. He never cared about himself but to help me and my sisters with our education and needs. *He is like a[n] angel to us who helped us ....*" Ltr. of Mohammad Tariq Iqbal, Ex. C (emphasis supplied); see also Ltr. of Fatima Basit, Ex. A ("His first priority was always his family").

The defendant's father, Mohammad Iqbal Moosani, similarly recounts the efforts of his son to help his family in his letter to the Court, writing: "I'm proud of my son for everything he had done so far for his family." September 20, 2022 Letter of Mohammad Iqbal Moosani, attached as Exhibit I; September 20, 2022 Letter of Kareem Jahanuri, attached as Exhibit J ("very loving and caring"). Further, the elder Moosani adds:

> He has a very pure heart and a very helping nature. He was like a father to his younger siblings. When I was not able to make enough for them, he was the one who get his skin burned in the heat of Dubai so that he can feed his siblings and his parents. *I can't even thank him enough for what he has done for his family.*

Id. (emphasis supplied); see also Ltr. of Rizwan Naviwala, Ex. B ("was supporting his parents and younger brother financially and his entire family has been dependant on him").

Concerning her experiences with Mr. Moosani, the defendant's younger sister, Asma, recalls for the Court: "Once upon a time we went to an amusement park where I [was] injured while playing[,] my brother immediately took me to the hospital and got me treated." September

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 8

20, 2022 Letter of Asma Irfan, attached as Exhibit K. Finally, the defendant's grandmother describes the assistance that she has received from him over the course of her life: "my grandson has dealt with me very kindly and has supported me every moment in other necessities of me and has always been obedient, sincere and helpful. ... [T]he survival of his circle of [friends] and the welfare of his loved ones and relatives has always been his ambition." September 20, 2022 Letter of Hanifa Muhammad Noor, attached as Exhibit L.

### A Reliable Friend

In addition to his dedication to his family – by working to support them financially from a young age – the submitted letters also praise Mr. Moosani's efforts to aid friends and others in his community. For example, the defendant's mother recalls an instance when he helped save the life of a neighbor by carrying her to a hospital:

> I still remember that one night when our neighbors needed help and *it was two in the morning and Abdul took the lady on his back to the hospital* when it was raining heavily and we don't have any vehicle and that lady ... fainted and could have lost h[er] life if Abdul was not there.

Ltr. of Nasima Iqbal, Ex. D (emphasis supplied); see also Ltr. of Adnan Ahmed, Ex. E ("very decent person at the core").

Of the defendant's efforts to help in his time of need, friend Irfan Yusuf recalls for the Court:

> I would like to share a story with you to show his high character. My wife suffered breast cancer. Basit went out of his way to assist my wife and I with household duties and tasks. For example, he regularly dropped my children at school in the mornings and then collected them from school each day. He allowed my children to continue with their sporting clubs by taking them to their sporting events on the weekends. He also managed to keep our grass cut in the summer, this all allowed me to focus on her care. He really eased my burden.

Letter of Irfan Yusuf, attached as Exhibit M. Another friend, Danish Moten, lauds that "Basit has always assisted [him] in [his] business by giving good advance and counsel." Letter of Danish Moten, attached as Exhibit N.

JEFFREY LICHTMAN

Hon. Valerie E. Caproni
United States District Judge
October 12, 2022
Page 9

    Friend Rizwan Naviwala notes: "There are several instances where he has helped me personally and always stood by me and with many of his friends. He has been always known for his helping nature and polite attitude." Ltr. of Rizwan Naviwala, Ex. B. And Rana Bilal Ejaz confirms: "During [our school] days, we have always found him sincere in studies and working very hard to make his future. He was supportive and helpful to his friends in school as well." Ltr. of Rana Bilal Ejaz, Ex. G. She further notes:

> Abdul has always been good family friends to us and helped us many times. In one particular instance, when there was a medical emergency in my family, Abdul went out of the way to help us overcome that situation. He helped us with all possible ways – emotionally, physically, and financially.

Id.; see also Ltr. of Nazish Hanif, Ex. H ("my brother earned great respect in ... society, respecting elders, helping people"). Finally, friend Suhail Abdul Razzak recalls in his letter that they met when he "was giving away various school supplies to need children in [his] area." Letter of Suhail Abdul Razzak, attached as Exhibit O ("giving beyond the normal call of duty").

### F.    CONCLUSION

    Defendant Abdul Basit Moosani comes before this Court asking for mercy. A life filled with good deeds and hard work has been marred by his criminal actions. Nevertheless, as the powerful enclosed letters reveal, Mr. Moosani is an uncommonly decent and giving man, and unlike many defendants, has made very sincere efforts to help family and others throughout his life. He is the rare defendant who has given so much to others when no one was watching, when he had no need to impress a judge deciding his fate. For these reasons and the others stated herein, a non-custodial sentence and immediate deportation is respectfully requested.

                                                              Respectfully submitted,

                                                              Jeffrey Lichtman
                                                              Jeffrey Einhorn

Encs.

cc:    Jonathan Rebold, Esq
        Assistant United States Attorney (by ECF)